**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

VONLEE NICOLE TITLOW,

      Petitioner,                  Civil No. 2:07-13614
                                         HONORABLE MARIANNE O. BATTANI
v.                                    UNITED STATES DISTRICT JUDGE

S.L. BURT,

      Respondent,

_____/

**OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT**
**OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.**

      Vonlee Nicole Titlow, ("Petitioner"), presently confined at the Southern

Michigan Correctional Facility in Jackson, Michigan, has filed a petition for writ of

habeas corpus through counsel Laura Kathleen Sutton pursuant to 28 U.S.C. §

2254, in which she challenges her conviction for second-degree murder, M.C.L.A.

750.317.  Petitioner has also filed a motion to hold the petition in abeyance in

order to permit her to complete post-conviction proceedings in the state courts, in

which she is attempting to exhaust five of the claims contained in her petition

which have yet to be presented to the state courts.  For the reasons stated below,

the Court will hold the petition in abeyance and will stay the proceedings under

the terms outlined below in the opinion to permit petitioner to complete her post-

conviction proceedings in the state courts to exhaust her claims.  The Court will

also administratively close the case.

1

Dockets.Justia.com

## I.  Background

Petitioner was convicted of the above offense following a jury trial in the Oakland County Circuit Court.  Petitioner's conviction was affirmed on appeal. *People v. Titlow,* 241285 (Mich.Ct.App. September 11, 2003); *aff'd* 470 Mich. 867; 680 N.W. 2d 900 (2004).

Petitioner filed a post-conviction motion for relief from judgment with the Oakland County Circuit Court on August 22, 2005.  Both the trial court and the Michigan Court of Appeals denied petitioner post-conviction relief.  Petitioner's post-conviction appeal remains pending in the Michigan Supreme Court.

On August 28, 2007, petitioner filed the instant application for writ of habeas corpus with this Court, in which she seeks the issuance of a writ of habeas corpus on ten different grounds.

## II.  Discussion

The instant petition is subject to dismissal because it contains claims that, by petitioner's admission, have not been exhausted with the state courts.  As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *Foster v. Withrow,* 159 F. Supp. 2d 629, 638 (E.D. Mich. 2001).  The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims

2

that a petitioner has a right to raise in the state courts but has failed to do so.
*Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999).  Federal district
courts must dismiss mixed habeas petitions which contain both exhausted and
unexhausted claims. *Pliler v. Ford,* 124 S. Ct. 2441, 2445 (2004).

The exhaustion doctrine, in the context of habeas cases, turns upon an
inquiry of whether there are available state court procedures for a habeas
petitioner to exhaust his or her claims. *See Adams v. Holland,* 330 F. 3d 398, 401
(6th Cir. 2003).  Petitioner's method of properly exhausting these claims in the
state courts would be through filing a motion for relief from judgment with the
Oakland County Circuit Court under M.C.R. 6.502, which she apparently has
already done.  Denial of a motion for relief from judgment is reviewable by the
Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an
application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr
v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

The Court is concerned that in dismissing the current petition outright, there
is the possibility that petitioner might be prevented under the AEDPA's one year
statute of limitations contained within 28 U.S.C. § 2244(d)(1) from re-filing a
petition for writ of habeas corpus following the exhaustion of her claims in the
state courts.  A common circumstance calling for abating a habeas petition arises
when the original petition was timely filed, as was the case here, but a second,
exhausted habeas petition would be time barred by the AEDPA's statute of

3

limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002). The

U.S. Supreme Court, in fact, has suggested that a habeas petitioner who is

concerned about the possible effects of his or her state post-conviction filings on

the AEDPA's statute of limitations could file a "protective" petition in federal court,

as petitioner has apparently done here, and then ask for the petition to be held in

abeyance pending the exhaustion of state post-conviction remedies. *See Pace v.

DiGuglielmo,* 125 S. Ct. 1807, 1813-14 (2005). At least two other judges in this

district have held a habeas petition in abeyance while a habeas petitioner's post-

conviction appeal remained pending in the Michigan Supreme Court, as is the

case here. *See Wood v. Jones,* 2006 WL 1877060 (E.D. Mich. July 06,

2006)(Friedman, J.); *Brown v. Wolfenbarger,* 2005 WL 3465862 (E.D. Mich.

December 16, 2005)(Rosen, J.).

A federal district court thus has the discretion to stay a mixed habeas

petition containing exhausted and unexhausted claims in order to allow the

petitioner to present his unexhausted claims to the state courts in the first

instance, and then to return to the federal district court for habeas review of his or

her completely exhausted petition. *See Rhines v. Weber,* 125 S. Ct. 1528, 1532-

36 (2005). However, even where it is appropriate to stay the habeas petition and

hold it in abeyance pending exhaustion in the state courts, because of the

timeliness concerns reflected in the AEDPA, a mixed habeas petition should not

be stayed indefinitely. *Id.* at 1535. Therefore, district courts should place

4

reasonable time limits on a petitioner's return to state court and back. *Id.*  The Supreme Court indicated that "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.  In such circumstances, the district court should stay, rather than dismiss, the mixed petition." *Id.* at 1535.

The Supreme Court has not yet defined what would constitute good cause for purposes of staying a mixed habeas petition and holding it in abeyance pending the exhaustion of claims in the state courts.  However, ineffective assistance of counsel may establish cause to excuse a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000).  In this case, petitioner claims that her appellate counsel was ineffective for failing to raise the other unexhausted claims on her direct appeal that she is currently raising in her state post-conviction proceedings.

On remand from the United States Supreme Court, the federal district court in *Rhines* held that the ineffective assistance of post-conviction counsel constituted "good cause" for petitioner's failure to exhaust claims in the state court proceedings, so as to justify holding the petition in abeyance while the petitioner returned to the state courts to exhaust the claims. *See Rhines v. Weber*, 408 F. Supp. 844, 848-49 (D.S.D. 2005).  Other judges in this district

have previously found that an appellate attorney's alleged ineffectiveness constituted "good cause" to justify holding a habeas petition in abeyance pending the petitioner's return to the state courts. *See Chambers v. White,* 2006 WL 276738, * 3 (E.D. Mich. February 2, 2006); *Boyd v. Jones,* 2005 WL 2656639, * 4 (E.D. Mich. October 14, 2005); *Martin v. Warren,* 2005 WL 2173365, * 2 (E.D. Mich. September 2, 2005). Furthermore, petitioner would have good cause for failing to exhaust her ineffective assistance of appellate counsel claim, because post-conviction review would be her first opportunity to raise this claim in the Michigan courts. *See e.g. Hicks v. Straub*, 377 F. 3d 538, 558, n. 17 (6th Cir. 2004). Petitioner's claims do not appear plainly meritless. Finally, it does not appear that petitioner has engaged in "intentionally dilatory tactics."

Therefore, in order to avoid petitioner being time-barred from seeking habeas relief following her return to the state courts, the Court will hold the present petition in abeyance. This tolling, however, is conditioned upon petitioner initiating her state post-conviction remedies, which she has apparently already done, and more importantly, returning to federal court within sixty days of completing the exhaustion of her state court post-conviction remedies. *Hargrove,* 300 F. 3d at 718; *Geeter v. Bouchard,* 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

## III. ORDER

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus shall

6

be held in abeyance pending the completion of petitioner's state application for post-conviction review. This tolling is conditioned upon petitioner re-filing her habeas petition within **sixty (60) days** after the conclusion of the state court post-conviction proceedings.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

s/Marianne O. Battani
**HON. MARIANNE O. BATTANI**
**UNITED STATES DISTRICT COURT**

**DATED:** September 7, 2007

7