UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VONLEE NICOLE TITLOW,

                    Petitioner,                  Case No.  07-13614

           -vs.-                         Hon.  Marianne O. Battani
                                          United States District Court Judge

S. L. Burt, Warden,                  Hon. Virginia M. Morgan
                                          United States Magistrate Judge

                    Respondent.
_____/
Michigan Attorney General
Attorney for Respondent
---------------------------------------------------
Laura Kathleen Sutton (P40775)
Attorney for Petitioner Titlow
_____/

## OBJECTIONS TO RESPONDENT'S CERTIFICATE OF COMPLIANCE

      Petitioner, Ms. Vonlee Nicole Titlow, by and through her attorney, Laura Kathleen Sutton (P40775), files her objections to Respondent's Certificate of Compliance, and states as follows:

      1.      Ms. Titlow was granted a conditional writ of habeas corpus by the Sixth Circuit Court of Appeals on May 22, 2012. The Sixth Circuit stated:

> Because we conclude that Titlow's Sixth Amendment right to counsel during the plea-bargain process was violated and because the initial plea offer was to a lesser included offense instead of the offense of conviction, we will reverse the judgment of the district court and conditionally grant the petition for a writ of habeas corpus, giving the State 90 days to reoffer Titlow the original plea agreement or, failing that, to release her. *Titlow v. Burt*, 690 F.3d 577, 592 (6th Cir. 2012).

The Sixth Circuit further ruled:

If the State in fact reoffers the plea agreement and Titlow accepts, <u>the state court may then exercise its discretion to fashion a sentence for Titlow that both remedies the violation of her constitutional right to the effective assistance of counsel and takes into account any concerns that the State might have regarding the loss of Titlow's testimony against her aunt</u>. *Id*.

2.      The State did in fact reoffer Ms. Titlow the original plea to the lesser included offense of manslaughter and to the original sentence of 7 -15 years, thus providing partial remedy for the Sixth Amendment violation as directed by the Sixth Circuit in the paragraph from *Titlow v. Burt* quoted above.  Respondent, however, took great exception to the second paragraph quoted above again began arguing that the Sixth Circuit erred by ordering a resentencing on the manslaughter plea.

3.      However, the state trial court further ruled that it had the authority to take "*the matter under advisement for further investigation to decide whether to accept the plea*" that portion of the trial court ruling was **not** in compliance with the Sixth Circuit's holding as set forth in the second paragraph from *Titlow v. Burt* quoted above and Ms. Titlow objects.  The Sixth Circuit's ruling makes it abundantly clear that if the State reoffers the plea and Ms. Titlow accepts that reoffer, the only discretion to be exercised by the state trial court is in fashioning a sentence within the parameters of the manslaughter plea.  The state trial court does not possess the authority to undo the Sixth Circuit's finding of ineffective assistance of counsel by rejecting the plea to the lesser offense.

4.      Enforcement of the Sixth Circuit's mandate has been complicated by the Respondent's attempts to avoid compliance with the mandate.  Respondent first sought to delay mandate compliance by seeking rehearing en banc.   That attempt failed. Respondent then sought to delay mandate compliance by filing an emergency motion to

stay with the Honorable Justice Elena Kagan. That attempt also failed. Respondent's motions for rehearing and stay of mandate were predicated upon objections to the Sixth Circuit's ruling mandating a charge reduction and limiting the state trial court's discretion to fashioning an appropriate minimum sentence - the very basis of the remedy for the Sixth Amendment violation.

5.      On October 31, 2012, unable to obtain a stay or a ruling that the state court possessed the authority to reject the reoffered plea in federal court, the State reoffered the plea. Ms. Titlow accepted the plea, and the state trial court (from the bench) decided that it could undo the Sixth Circuit's opinion and conferred upon itself the right to reject the plea that had been reoffered.[1] Ms. Titlow objects to the trial court ruling that it has the authority to reject the reoffered plea as contrary to the order of the Sixth Circuit and asserts that the State of Michigan has not complied with the Sixth Circuit's mandate.

6.      Ms. Titlow objects to the filing of the Certificate of Compliance. Respondent has not complied with the Sixth Circuit's order.  The time for complying with the mandate expired on November 8, 2012. The fact that Respondent has cajoled a state trial judge to contravene the Sixth Circuit's order does not extend the time within which to comply with the mandate. It shows intent to circumvent the mandate.

7.      This Court should not accept the certificate of compliance. It is not compliance when Respondent complies with the Sixth Circuit's order to reoffer the original manslaughter plea agreement as remedy for the Sixth Amendment violation then seeks and obtains a state court ruling that is contrary to the Sixth Circuit's opinion and one that eviscerates the remedy of resentencing. Respondent cannot pick and choose

---

[1]      The state trial court's order reflects the state court's ruling from the bench.

which parts of a federal court order deserve compliance and which do not – even with a Petition for Writ of Certiorari pending.

8.      By reoffering the plea and then inveigling a state trial court to take under advisement whether or not to accept the plea - an option not given by the Sixth Circuit Court of Appeals - Respondent has now moved the date for compliance with the mandate from November 8, 2012 to February 27, 2013 - an extension of 111 days.  If the Sixth Circuit wanted to allow Respondent 111 days to seek certiorari they could have granted a continuance, they did not.  If the Sixth Circuit wanted Respondent to have 201 days from the date of its decision to remedy the Sixth Amendment violation or release Ms. Titlow, they would have so ruled.

9.      Respondent's petition for a writ of certiorari has been circulated for conference and the Sixth Circuit record (electronic) has been ordered and provided.  By hook or by crook Respondent has accomplished in the state trial court what it could not do in federal court:  1) effectively obtain a stay of the mandate until the Supreme Court rules on the petition for a writ of certiorari; and 2) undo the Sixth Circuit's ruling that a resentencing on the reoffered plea bargain was all the authority the state court retained.

## SUMMARY

Ms. Titlow objects to the Certificate of Compliance filed by Respondent. Respondent is attempting to establish compliance with the Sixth Circuit's order by complying with only a portion of the order while it continues to appeal those parts of the order it disagrees with.  These actions do not show compliance but outright contempt for a federal court decree!  Respondent has not complied with the mandate when it sought and obtained a state trial court order that allows the state court to exercise authority not

conferred by the Sixth Circuit ruling.  Respondent has not complied with the 90-day mandate when it sought and obtained a state court ruling placing its acceptance of the mandated plea offer under advisement and postponing the next hearing date to February 27, 2013 in the hope that the Sixth Circuit  ruling will be undone by the United States Supreme Court.

Conditional grants of the writ of habeas corpus provide the state with a window of time within which it may cure the constitutional error.  *Satterlee v. Wolfenbarger*,  453 F.3d 362, 369 (6th Cir. 2006).  The distinction between a conditional and an absolute writ is that former lies latent unless and until the state fails to perform the established conditions at "at which time the writ springs to life."  *Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir. 2006).  A federal court retains jurisdiction to determine whether a party has complied with the terms of a conditional order in a habeas case.  *Gibbs v. Frank*, 500 F.3d 202, 208 (3d Cir. 2007).  Substantial compliance may be sufficient.  *Phifer v. Warden, United States Penitentiary*, 53 F.3d 859, 8634-65 (7th Cir. 1995).

In this case there has not been substantial compliance.  Instead there has been defiance.  The Respondent has foisted upon this Court a Certificate of Compliance which is based on a state court order assuming the very authority denied to it by the Sixth Circuit.  Duplicity, not substantial compliance best describes what has happened here. On one hand, the Respondent admits that the state trial court has no authority to reject the reoffered plea in its numerous appeals in federal court, including its current appeal to the United States Supreme Court.  On the other hand, the State obtains a state trial court order rendering the precise remedy it is currently requesting the United States Supreme

Court to authorize and using that state court order to claim compliance with the mandate in this court!

This Court has broad discretion in fashioning habeas relief and may dispose of petitions as "law and justice require." 28 U.S.C. §2243. It has the discretion to determine if the state has provided a legitimate reason for its delay in executing the conditions set forth in the writ. *Gentry v. Deuth*, 456 F.3d at 692. Here, the state has offered no reasons for not complying with all of the terms of the Sixth Circuit order; instead they offer a state court order in defiance of the Sixth Circuit ruling as evidence of compliance.

Vonlee Nicole Titlow requests this Court to reject the Certificate of Compliance. Should the United States Supreme Court deny certiorari, she further requests that this Court order her immediate release for Respondent's failure to comply with the mandate of the Sixth Circuit Court of Appeals. At this point in time, compliance with the expired mandate is no longer an option.

## RELIEF REQUESTED

**WHEREFORE**, Petitioner Vonlee Nicole Titlow respectfully requests this Honorable Court to grant the following relief:

(a)     Reject Respondent's Certificate of Compliance;

(b)     Should certiorari be denied, hold that action to be the final disposition of this case,

(c)     Hold that Respondent has failed to comply with the mandate; and,

(d)     Order Ms. Titlow's immediate release from confinement.


Respectfully submitted,


_____
LAURA KATHLEEN SUTTON (P40775)
Attorney for Petitioner Titlow
PO Box 388
Manchester, Michigan 48158
(734) 428-7445


Dated: November 26, 2012.

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2012, I electronically filed the foregoing objections with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Michigan Assistant Attorney General John S. Pallas (P42512)

She also certifies that she mailed a copy of the foregoing objections in the traditional manner to:

Petitioner Ms. Vonlee Nicole Titlow.


S/LAURA KATHLEEN SUTTON
P.O. Box 388
Manchester, Michigan 48158
(734) 428-7445
lksappeals@aol.com
(P40775)


Dated: November 26, 2012.