UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VONLEE NICOLE TITLOW,

        Petitioner,                        CASE NO. 07-13614
                                               HON. MARIANNE O. BATTANI

v.

S.L. BURT,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S OBJECTIONS TO RESPONDENT'S CERTIFICATE OF COMPLIANCE

Before the Court is Petitioner Vonlee Nicole Titlow's Objection to the Certificate of Compliance filed by Respondent S. L. Burt (Doc. No. 40). The Court has reviewed the filings and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(f)(2). For the reasons discussed below, the Court denies Petitioner's objection. See E. D. Mich. LR 7.1(f)(2).

**I. BACKGROUND**

Titlow successfully appealed this Court's denial of her petition for writ of habeas corpus. See Titlow v. Burt, 680 F.3d 577 (6th Cir. 2012). The Sixth Circuit granted a conditional writ, finding that Petitioner's Sixth Amended right to counsel was violated during the plea process. The Sixth Circuit instructed the State to reoffer Titlow the original plea agreement within ninety days, or to release her. Id. The Respondent filed a Certificate of Compliance on November 21, 2012. (Doc. No. 39). According to Respondent, the State reoffered the original plea on October 31, 2012. (Doc. No. 39, Attachment).

Petitioner maintains that once she accepted the reoffered agreement, "the only discretion to be exercised by the state trial court is in fashioning a sentence within the parameters of the manslaughter plea." (Doc. No. 40 at ¶ 2). According to Titlow, the state court did not act in compliance with the Sixth Circuit's holding when it took "the matter under advisement for further investigation to decide whether to accept the plea." (Id. at ¶ 3). Petitioner asks the Court to reject the certificate of compliance.

## II. STANDARD OF REVIEW

Conditional grants of habeas afford states the "opportunity to cure their constitutional errors," while reflecting "proper concern for comity among the co-equal sovereigns." Gentry v. Deuth, 456 F.3d 687, 692 (6th Cir. 2006). The district court is obliged "to determine whether a party has complied with the terms of a conditional order in a habeas case." Gentry, 456 F.3d at 692. When the state fails to comply, the petitioner may be released. Id. (citing Satterlee v. Wolfenbarger, No. 03-71682-DT, 2005 WL 2704877, at *2, (E. D. Mich. Oct. 19, 2005) (internal citations omitted) (vacating petitioner's conviction), aff'd in part, 453 F.3d 362 (6th Cir. 2006). Nevertheless, the court may deny the writ when the state substantially complies. See Phifer v. Warden, United States Penitentiary, 53 F.3d 859, 863-65 (7th Cir. 1995); Santos-Rosario v. Renico, 05-CV-70456, 2006 WL 847111, at *1-2 (E. D. Mich. March 30, 2006) (denying writ even though the state failed to comply with the precise terms of the district court's conditions because the state had substantially complied with the conditions).

## III.  ANALYSIS

The Court begins its analysis of the merits of Titlow's objection with review of the Sixth Circuit's discussion of the situation.  The appellate court distinguished the case before it from the "typical case" wherein the injury to the petitioner was "a higher sentence."  Titlow at 592.  The court recognized that in Titlow's case, after she withdrew from the plea agreement to a manslaughter charge she was convicted of second-degree murder.  Id.  Further, Titlow stated that she would have testified against her aunt, who also was charged with murder had the plea agreement not been withdrawn.  After the revocation of the agreement, Titlow did not testify, and her aunt was acquitted.  Therefore, the state "lost the major benefit that it sought from the initial plea agreement."  Id.  In taking these circumstances into account, the appellate court stressed:

> [T]he Supreme Court has recognized that resentencing based on the conviction at trial [and under the terms of the former plea agreement] may not suffice because [t]he time continuum makes it difficult to restore the defendant and the prosecution to the precise positions they occupied prior to the rejection of the plea offer.  Instead, the proper exercise of [the state court's] discretion to remedy the constitutional injury may be to require the prosecution to reoffer the plea proposal.  Provided that Titlow on remand accepts the proffered plea agreement, the state trial court would then have the discretion to vacate the conviction from trial and accept the plea or leave the conviction undisturbed.  In any event, the state court should continue to recognize the former plea offer as a "baseline [that] can be consulted" in fashioning the appropriate remedy.

Titlow, 680 F.3d at 592 (internal citations and quotations omitted).  The appellate court granted the petition conditionally and gave "the State 90 days to reoffer Titlow the original plea agreement or, failing that, to release her."  Id. at 593.  It added the following guidance to the state court:

> If the State in fact reoffers the plea agreement and Titlow accepts, **the state court may then exercise its discretion to fashion a sentence for Titlow that both remedies the violation of her constitutional right to the effective assistance of counsel and takes into account any concerns that the State might have regarding the loss of Titlow's testimony against her aunt.**

Id. at 593 (emphasis added).

Although the state court's discretion "is not entirely unfettered" the Sixth Circuit did not dictate what Titlow's sentence must be. It merely instructed the state court to use its discretion in sentencing Titlow so as to account for the constitutional violation as well as the ramification to the State.

The State had ninety days to "reoffer Titlow the original plea agreement or, failing that, to release her." Titlow, 680 F.3d at 593. The State did reoffer Titlow the original plea agreement, which she accepted. The fact that the state court judge took the matter under advisement does not render the certificate of compliance objectionable.

## IV.  CONCLUSION

Accordingly, Petitioner's objection is **DENIED.**

**IT IS SO ORDERED**.

                                          s/Marianne O. Battani
                                          MARIANNE O. BATTANI
                                          UNITED STATES DISTRICT JUDGE

DATED: January 3, 2013

## CERTIFICATE OF SERVICE

Copies of this Order were mailed and/or e-filed to counsel of record on this date.

                                          s//Bernadette M. Thebolt
                                          Case Manager